FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 05 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LSSI DATA CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TIME WARNER CABLE INC., ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action File No. <br><br> 1:11-cv-2178 <br><br> CAP |

**VERIFIED COMPLAINT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff LSSi Data Corp. files this Verified Complaint for Declaratory and Injunctive Relief against Defendant Time Warner Cable Inc.

This Verified Complaint seeks declaratory, injunctive, and related relief arising from violations of Time Warner's duty under the Communications Act of 1934, as amended, 47 U.S.C. §§ 202, 222 (e), 251(b)(3), to provide LSSi with nondiscriminatory access to Time Warner's directory assistance listing data. On information and belief, these violations and the irreparable harm resulting therefrom arise from the same discussions, agreements, and other acts by and among various telephone providers and LSSi's competitor, Targus Information Corporation, that are before this Court in *LSSi Data Corp. v. Comcast Phone, LLC*,

Civil Action File No. 1:11-cv-01246-CAP, and in particular in the Court's Order granting a preliminary injunction.  See *LSSi Data Corp. v. Comcast Phone, LLC*, 2011 U.S. Dist. LEXIS 57086 (N.D. Ga. May 4, 2011).

## The Parties

1.

Plaintiff LSSi Data Corp. is a Delaware corporation that maintains its principal place of business in New York, New York.

2.

Defendant Time Warner Cable Inc. is a Delaware corporation that maintains its principal place of business in New York, New York.  Time Warner may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE, 19801.

## Jurisdiction & Venue

3.

This Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 202, 222(e), 251(b)(3), and 406.

4.

The unlawful discriminatory conduct from which LSSi's claims arise, as well as the unlawful effects of such discriminatory conduct, have occurred and are continuing to occur within the Northern District of Georgia. Specifically, Time Warner has provided the data at issue in this action to carriers other than LSSi, including on information and belief AT&T, and to the agents or contractors of carriers, such as Targus Info Corporation. These recipients of Time Warner's data use such data in connection with providing directory assistance and other services to telephone subscribers and other customers within the Northern District of Georgia. The data that is the subject of LSSi's claims is used by telephone subscribers and others within the Northern District of Georgia for telephone calls and other purposes. The data that is the subject of LSSi's claims has previously been and would continue to be used by LSSi and LSSi's customers to provide directory assistance and other services within the Northern District of Georgia, but for the fact that Time Warner has denied LSSi direct access to such data.

5.

Time Warner maintains an extensive and continuously operating 3G mobile internet network throughout Georgia for the benefit of all of its mobile internet subscribers. Time Warner also provides a geographically limited 4G mobile

internet network continuously operating in the Atlanta and Milledgeville areas of Georgia for the benefit of its mobile internet subscribers. Time Warner advertises to both its customers and potential customers that it provides these mobile internet services throughout Georgia. Time Warner earns substantial revenue from its nationwide mobile internet services, and these services are useful to Time Warner's customers because of those services' nationwide character and the ability of customers to utilize its mobile internet network throughout the United States, including Georgia.

6.

This Court has personal jurisdiction over Time Warner.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Facts**

8.

LSSi is a certificated local exchange carrier in multiple states and is also an agent and contractor to local exchange carriers who provide telephone service throughout the United States. LSSi is a provider of directory assistance services, call completion services, data aggregation services, and other services to telecommunications carriers and others throughout the United States.

9.

Time Warner is a local exchange carrier and a common carrier as defined in the Communication Act of 1934, as amended. 47 U.S.C. § 153(c)(l).

10.

As a local exchange carrier, Time Warner is subject to the provisions of 47 U.S.C. § 251(b) and specifically to the "duty to provide dialing parity to competing providers of telephone exchange service and telephone toll service, and the duty to permit all such providers to have nondiscriminatory access to telephone numbers, operator services, directory assistance, and directory listing, with no unreasonable dialing delays." 47 U.S.C. § 251(b)(3). *See also* 47 C.F.R. § 51.217.

11.

In orders issued pursuant to Section 251(b)(3), the Federal Communications Commission ("FCC") has ruled that persons entitled to receive directory assistance listing data from carriers pursuant to Section 251(b)(3) include local exchange carriers, providers of call completion services, and persons or entities acquiring directory assistance listing data as agents or contractors to local exchange carriers.

12.

In addition, Time Warner is subject to the provisions of 47 U.S.C. § 222(e), which requires that "a telecommunications carrier that provides telephone

exchange service shall provide subscriber list information gathered in its capacity as a provider of such service on a timely and unbundled basis, under nondiscriminatory and reasonable rates, terms, and conditions, to any person upon request for the purpose of publishing directories in any format." 47 U.S.C. § 222(e).

13.

As a common carrier, Time Warner is prohibited under 47 U.S.C. § 202 from making "any unjust or unreasonable discrimination in charges, practices, classifications, facilities or services for or in connection with like communication service, directly or indirectly, by any means or device, or to make any undue or unreasonable preference or advantage to any particular person… or to subject any particular person to any undue or unreasonable prejudice or disadvantage."

14.

LSSi is a local exchange carrier as defined in the Communications Act of 1934, as amended, and is entitled under 47 U.S.C. § 251(b)(3) to receive from Time Warner complete and accurate directory assistance listing data on a timely and nondiscriminatory basis.

15.

LSSi also serves as an agent and contractor for local exchange carriers and their directory assistance service providers throughout the United States that obtain access to Time Warner's directory assistance listing data through the services of LSSi. LSSi's provision of Time Warner's directory assistance listing data enables such customers to provide directory assistance services to telephone service end users throughout the United States. As recognized in rulings by the FCC regarding the scope of 47 U.S.C. § 251(b)(3), the provision of such services entitles LSSi to receive Time Warner's directory assistance listing data.

16.

LSSi also provides call completion services by virtue of which LSSi completes calls for the telephone service end users to whom LSSi provides directory assistance. As recognized in rulings by the FCC regarding the scope of 47 U.S.C. § 251(b)(3), the provision of such call completion services entitles LSSi to receive directory assistance listing data from Time Warner.

17.

LSSi and its parent, Volt Delta Resources, LLC, are also publishers of directories as referenced in 47 U.S.C. § 222(e). LSSi is therefore entitled to receive directory assistance listing data "on a timely and unbundled basis, under

nondiscriminatory rate terms and conditions… for the purpose of publishing directories in any format." 47 U.S.C. § 222(e).

18.

It is essential to the services provided by LSSi to its customers that the directory assistance listing data provided by LSSi be as complete, accurate, and up-to-date as possible. This requires, among other things, that LSSi receive directly from each local exchange carrier, including Time Warner, directory assistance listing data that is complete, accurate, and up-to-date on a continuous basis.

19.

Beginning on or around March 2010, LSSi and Time Warner began negotiating the terms for a proposed agreement under which Time Warner would provide its directory assistance listing data directly to LSSi.

20.

On June 16, 2010, Time Warner informed LSSi that Time Warner had "decided to go [in] a different direction" and would not execute an agreement with LSSi. A true and correct copy of this email correspondence is attached at Exhibit 1.

21.

Afterward, LSSi continued contacting Time Warner in to obtain Time Warner's directory assistance listing data. As part of these efforts, LSSi informed Time Warner that Time Warner was obligated to provide LSSi with nondiscriminatory access to Time Warner's directory assistance listing data. A true and correct copy of this email correspondence is attached as <u>Exhibit</u> 2.

22.

On September 30, 2010, Time Warner informed LSSi that Time Warner had chosen Targus Info Corporation ("Targus") as Time Warner's "exclusive distributor" of directory assistance listing data. Time Warner stated that all further inquiries from LSSi about Time Warner's directory assistance listing data should be directed to Targus. A true and correct copy of this email correspondence is attached as <u>Exhibit</u> 3. On information and belief, Time Warner's exclusive arrangement with Targus and refusal to provide LSSi with direct access to data arose from one or more discussions or agreements among Time Warner, other local exchange carriers such as Comcast Phone, LLC, and Targus.

23.

Thereafter, LSSi attempted to obtain Time Warner's directory assistance listing data from Targus. However, Targus has failed to provide that information

to LSSi. A true and correct copy of email correspondence relating to LSSi's efforts to obtain this data from Targus is attached as Exhibit 4.

24.

Time Warner has refused to disclose to LSSi the terms of its exclusive arrangement with Targus. Time Warner has refused to provide directory assistance listing data to LSSi on terms or conditions as favorable as those given by Time Warner to Targus.

25.

LSSi cannot compete in the business for directory assistance listings data services or meet its other contractual commitments without Time Warner's directory assistance listing data. Any failure by Time Warner to provide complete, accurate, and timely access to its directory assistance listing data directly to LSSi, as required by law, would cause material and irreparable harm to LSSi.

26.

LSSi cannot lawfully be forced to obtain Time Warner's directory listing data through or from Targus, LSSi's competitor. Such an approach would place LSSi's ability to compete with Targus in a position subordinate to and controlled by Targus' ability or willingness to perform its contractual obligations to LSSi. Being thus placed at risk based on the performance of its competitor would

materially impair LSSi's competitive position. Among other things, customers would perceive LSSi as being dependent upon, and therefore at best no more reliable than, Targus. LSSi would also become liable to its customers for inaccuracies in Time Warner's data and delays in providing such data, caused by Targus.

27.

LSSi's contracts with certain key customers contain provisions requiring LSSi to obtain directly from each carrier the data it provides to the customer. Such provisions reflect the customers' concern that all data be as accurate, complete, and up-to-date as possible. Such provisions also reflect the customers' perception that data obtained from sources other than the carrier itself is less desirable. Time Warner's refusal to provide its data directly to LSSi would place LSSi in breach of such contractual provisions.

28.

On information and belief, Targus has already begun informing LSSi's customers and potential customers that LSSi will not be able to provide service to them in a manner competitive with Targus because of Time Warner's refusal to provide directory assistance listing data directly to LSSi.

## **Count I – Declaratory Judgment**

## **28 U.S.C. §§ 2201, 2202**

29.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

30.

Time Warner has refused to make its directory assistance listing data available to LSSi on the same basis as to Time Warner itself, Targus, or to others.

31.

Time Warner's intentions are in contravention of the parties' respective rights and obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) and the rules and orders of the FCC adopted pursuant thereto.

32.

Accordingly, there exists a substantial, justiciable, and actual controversy between LSSi and Time Warner.

33.

LSSi and Time Warner are interested parties in this matter because their legal rights and obligations are at issue.

34.

LSSi seeks a declaratory judgment from this Court holding that Time Warner must comply with all provisions of 47 U.S.C. §§ 202, 222(e), and 251(b)(3), including but not limited to directly providing to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis.

## Count II – Preliminary Injunction

### FED. R. CIV. P. 65

35.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

36.

As described above, Time Warner has refused to make directory assistance listing data available to LSSi on the same basis as to itself, to Targus, or to others, and such conduct is a violation of Time Warner's obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3).

37.

LSSi does not possess an adequate and complete remedy at law for Time Warner's conduct, and failure to immediately address and remedy Time Warner's conduct will cause substantial and irreparable harm to LSSi.

38.

The consideration of and balancing of LSSi's likelihood of ultimate success on the merits, damages to and conveniences of the parties, and other relevant factors strongly favor the granting of a preliminary injunction in LSSi's favor. Furthermore, interlocutory relief in LSSI's favor, if issued, will not be adverse to the public interest.

39.

Accordingly, an appropriate and fair interlocutory remedy for Time Warner's conduct described above is the issuance of a preliminary injunction requiring Time Warner to provide directly to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis through the pendency of this action.

## Count III – Permanent Injunction

40.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

41.

As described above, Time Warner has unjustifiably refused to perform its obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3).

42.

An appropriate and fair remedy for Time Warner's conduct is the issuance of a permanent injunction requiring Time Warner to fully comply with its obligations under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis.

## Count IV – Injunctive Relief In The Nature Of Mandamus
## 47 U.S.C. § 406

43.

LSSi incorporates by reference the preceding paragraphs of this Complaint.

44.

Time Warner's refusal to make directory assistance listing data available to LSSi on a basis as favorable as to itself, to Targus, or to others constitutes clear and unequivocal violations of 47 U.S.C. §§ 202, 222(e), and 251(b)(3). Pursuant to 47 U.S.C. § 406, LSSi is therefore entitled to preliminary and permanent injunctive relief in the nature of mandamus compelling Time Warner to furnish Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, directly to LSSi on a complete, accurate, timely, and nondiscriminatory basis.

WHEREFORE, LSSi respectfully prays that the Court:

1. grant judgment in favor of LSSi and against Time Warner on all Counts in this Complaint;

2. grant a preliminary injunction in LSSi's favor that will enjoin Time Warner from refusing to perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis;

3.   declare that Time Warner must honor and perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis;

4.   grant LSSi appropriate permanent injunctive relief preventing Time Warner from refusing to perform its obligations to LSSi under 47 U.S.C. §§ 202, 222(e), and 251(b)(3) by, inter alia, providing directly to LSSi all of Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, on a complete, accurate, timely, and nondiscriminatory basis;

5.   grant LSSi injunctive relief in the nature of mandamus compelling Time Warner to furnish Time Warner's directory assistance listing data, including all such data of Time Warner's affiliates and subsidiaries as distributed by or through Time Warner, directly to LSSi on a complete, accurate, timely, and nondiscriminatory basis;

6.   tax all costs of suit to Time Warner; and

7.   grant to LSSi all such other general relief as the Court deems just and proper.

Respectfully submitted this 5th day of July, 2011.

                        TROUTMAN SANDERS LLP

                        _____
                        Robert P. Williams II
                        Georgia Bar No. 765413
                        Bradley M. Davis
                        Georgia Bar No. 141505
                        Claiborne B. Smith
                        Georgia Bar No.463202

5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
Phone: (404) 885-3000
Fax: (404) 962-6721

                        Attorneys for Plaintiff LSSi Data Corp.

## VERIFICATION

Richard Oldach states under oath that he is authorized to give this Verification and that he serves as the President of Plaintiff LSSi Data Corp., and that no one person employed by Plaintiff has knowledge of all the matters contained within this Verified Complaint for Declaratory and Injunctive Relief and that based upon an investigation by declarant and counsel and without waiving any privilege appertaining, the matters set forth herein are known to him to be true and correct or reported to him to be true and correct and based upon personal knowledge.

**Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury that the foregoing is true and correct.**

This 30th day of June, 2011.

Richard Oldach
President
LSSi Data Corp.