UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
LSSI DATA CORP.,                                          :
                                                          :
                                    Plaintiff,            :            11 Civ. 7780 (PAE)
                     -v-                                  :
                                                          :            OPINION & ORDER
TIME WARNER CABLE, INC.,                                  :
                                                          :
                                    Defendant.            :
                                                          :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

      Plaintiff LSSi Data Corp. ("LSSi") seeks leave to add its corporate parent, VoltDelta

Resources LLC ("Volt"), as a party plaintiff in this action.  Defendant Time Warner Cable, Inc.

("TWC") opposes the addition of Volt as a party at this stage of the case.  For the following

reasons, LSSi's motion is denied without prejudice to its right to make the same motion after

LSSi's pending motion for a preliminary injunction has been resolved.

I.      **Background**

      This declaratory judgment action, and an attendant motion for a preliminary injunction,

were initially filed on July 5, 2011 in the U.S. District Court for the Northern District of Georgia.

LSSi's Complaint alleges that TWC has unlawfully withheld from it directory assistance listing

data to which it is entitled under certain provisions of the Communications Act of 1934, 47

U.S.C. §§ 202, 222(e), and 251(b)(3).  LSSi seeks preliminary injunctive relief compelling TWC

to provide this data immediately.

      By order dated November 1, 2011, the Hon. Charles A. Pannell, Jr., United States District

Judge, granted TWC's motion to transfer this case to the Southern District of New York.  On

December 13, 2011, this Court endorsed a civil case management order providing for re-briefing of LSSi's preliminary injunction motion with Second Circuit case law, and for pre-motion discovery requested by TWC.  The parties' supplemental briefing on LSSi's motion for a preliminary injunction will be complete on March 21, 2012; the Court has set a hearing on the motion for April 19, 2012.  On February 14, 2012, LSSi filed this motion to add Volt as a party plaintiff.  On February 27, 2012, TWC filed a brief in opposition.  On March 5, 2012, LSSi submitted a reply.

In support of its motion to add Volt as a plaintiff, LSSi argues that joinder should be permitted pursuant to Federal Rules of Civil Procedure 15, 20, and 21.  In support of its Rule 15 argument, LSSi asserts that: (1) it has not acted in bad faith or unduly delayed by waiting until February 14, 2012 to file this motion because it repeatedly assured TWC that LSSi and Volt are functionally interchangeable and are viewed as a single entity in the marketplace; (2) TWC will not be prejudiced because LSSi's responses to TWC's discovery requests would not have been different had Volt been a party plaintiff; and (3) Volt's joinder would not result in the assertion of futile claims.  In support of its argument under Rule 20, LSSi claims that Volt, as a plaintiff, would assert claims arising out of similar conduct by TWC and that questions of law and fact would be common to LSSi's and Volt's claims.  In requesting joinder under Rule 21, LSSi argues that adding Volt at this juncture would be "just."

In opposition, TWC argues that: (1) LSSi has unduly delayed its motion to amend, because it has known of the intertwined interests of LSSi and Volt for at least six months, yet only now, at the close of discovery with respect to LSSi's motion for a preliminary injunction, seeks Volt's joinder; (2) LSSi is acting in bad faith because the testimony of its personnel that Volt and LSSi are interchangeable is contradicted by documentary evidence and was concocted

[2]

to support an application for joinder; and (3) TWC would be severely prejudiced by Volt's addition as a party plaintiff deep into the briefing of LSSi's (and, potentially, Volt's) motion for a preliminary injunction.

## II.    Discussion

As noted, LSSi seeks leave to join Volt as a party plaintiff pursuant to Rules 15, 20, and 21.  The Court analyzes LSSi's arguments under each Rule in turn.

### A.    Rule 15

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires," although "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). Because the Court concludes that the addition of Volt would be prejudicial to TWC and that Volt's addition is unduly delayed, it does not address TWC's argument that LSSi is acting in bad faith.

#### 1.    Prejudice

"[T]he prejudice to the opposing party resulting from a proposed amendment [i]s among the 'most important' reasons to deny leave to amend."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).  "Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'"  *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008) (quoting *State Teachers Ret. Bd.*, 654 F.2d at 856). Prejudice may also be found when, at a critical juncture of a case, a proposed amendment "'adds new parties or at least entails more than an alternate claim or a change in the allegations of a

complaint.'" *Reape v. Berrios*, No. 09-cv-1363, 2011 U.S. Dist. LEXIS 44862, at \*6–7

(E.D.N.Y. Mar. 29, 2011) (Report and Recommendation) (quoting *State Farm Mut. Auto. Ins.*

*Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 148–49 (E.D.N.Y. 2007)).

The Court is persuaded that adding Volt at this stage of the litigation would significantly

prejudice TWC.  The success of LSSi's claim of entitlement to TWC's data turns largely on

whether LSSi falls within one or more statutory classifications.  These include whether LSSi is a

certified local exchange carrier, *see* 47 U.S.C. § 251(b)(3), or serves as an agent of such a carrier

for the purpose of providing directory assistance services.  *Id.*; *see also* Provision of Directory

Listings Information Under the Communications Act of 1934, as Amended, First Report and

Order, 16 FCC Rcd. 2736 at ¶¶ 12–13 (2001).  Throughout the first eight months of this

litigation, including during extensive discovery in support of LSSi's pending motion for a

preliminary injunction to obtain this data, TWC (and the Court) reasonably assumed that LSSi

was the only party whose eligibility under these classifications was at issue.  Now, after pre-

motion discovery has closed, LSSi seeks to add Volt, and to argue that, if LSSi is not entitled to

this data, Volt is.

In opposing the addition of Volt, TWC states that it would be "hamstrung in defending

against the motion for a preliminary injunction if a new corporate entity were suddenly allowed

to assert distinct entitlements to TWC's data."  TWC Br. 14.  The Court agrees.  As TWC

persuasively explains, "TWC's discovery requests would have been different or broader if Volt

had been a party to the case."  *Id.* at 15.  However, because Volt has not been a party to this case,

TWC had no opportunity, or reason, to test its independent entitlement (if any) to TWC's data.

Yet that is, precisely, the issue LSSi attempts to introduce into the case at this juncture.  Nor has

TWC had the opportunity to probe whether Volt (as opposed to LSSi) would be harmed if the

[4]

preliminary injunction motion were denied. LSSi's response—that adding Volt would not necessitate additional discovery—is not persuasive. Simply put, LSSi cannot, after pre-motion discovery has closed, meaningfully change the legal route it proposes to take gain recovery and then "claim lack of prejudice to its adversary on the premise that the adversary will stand pat." *Oscar v. BMW of North Am., LLC*, No. 09-cv-11, 2012 U.S. Dist. LEXIS 9230, at *9 (S.D.N.Y. Jan. 25, 2012).

Also unavailing is LSSi's argument that it and Volt are treated interchangeably in the marketplace. LSSi's claims will, as noted, turn, in significant measure, on the application to it of technical statutory terms. Whether LSSi is entitled to TWC's data may depend on, for example, whether LSSi is a certified local exchange carrier, or an agent of such a carrier, as defined by statute. A central purpose of the discovery that the Court authorized was to test LSSi's claim that the services it provided, and the carrier-agent role it claims to play, justify a finding that LSSi meets these statutory standards. In this context, it appears to be of limited relevance that non-party market participants may perceive LSSi and Volt as interchangeable. In this litigation, the reality of statutory entitlement, not the perception of industry participants, is likely to be determinative.

In addition to the prejudice to TWC created by LSSi's proposed post-discovery amendment, the Court is also mindful that, should LSSi obtain the data it seeks on its preliminary injunction motion, only to have that decision later overturned, TWC may suffer irreparable harm, depending on the competitive use to which LSSi put TWC's data in the interim. It is, therefore, all the more imperative that any ruling on the preliminary injunction application be the product of thorough discovery and measured briefing, and that, in that process, TWC have timely notice of plaintiff's precise claims of legal entitlement to that data.

[5]

For these reasons, Volt's injection into this case would prejudicially add a "new part[y]" and create "new problems of proof" so as to justify, at this stage, denial under Rule 15 of its request to amend.  *See Ruotolo*, 514 F.3d at 192.   LSSi's motion to add Volt as a party, insofar as it is based on Rule 15, is, therefore, denied.  *See, e.g.*, *Harkabi v. SanDisk Corp.*, No. 08-cv-8203, 2012 U.S. Dist. LEXIS 32833, at *18–22 (S.D.N.Y. Mar. 12, 2012) (denying, as prejudicial under Rule 15, attempt to change theory of recovery and rely on new factual allegations after discovery had closed); *Gallagher's NYC Steakhouse Franchising, Inc. v. NY Steakhouse of Tampa, Inc.*, No. 11-cv-1456, 2011 U.S. Dist. LEXIS 139175, at *23–25 (S.D.N.Y. Dec. 5, 2011) (denying as, *inter alia*, prejudicial, a defendant's motion to amend answer, under Rule 15, where discovery had closed and a plaintiff's motion for summary judgment was pending).

### 2.     Undue delay

"Delay is not grounds for denying amendment 'absent a showing of bad faith or undue prejudice.'"  *Brecher v. Citigroup Inc.*, No. 09-cv-7359, 2011 U.S. Dist. LEXIS 131104, at *8 (S.D.N.Y. Nov. 14, 2011) (quoting *Ruotolo*, 514 F.3d at 191).   However, where delay is at issue, "[t]he burden to explain a delay is on the party that seeks leave to amend."  *MacDraw, Inc. v. The CIT Grp. Equip. Fin., Inc.*, 157 F.3d 956, 962 (2d Cir. 1998); *see also Leber v. Citigroup, Inc.*, No. 07-cv-9329, 2011 U.S. Dist. LEXIS 129444, at *18 (S.D.N.Y. Nov. 18, 2011).  Here, because TWC has shown that it would be prejudiced by Volt's addition at this point, and LSSi has not supplied a good explanation for proposing to add Volt so late in the litigation over the proposed preliminary injunction, undue delay provides an additional ground, under Rule 15, for denying LSSi's motion to add Volt as a plaintiff.

The record reflects that, since at least August 30, 2011, LSSi has been aware that TWC disputed that LSSi, without adding Volt as a party, could invoke *Volt's* alleged entitlement as a basis to obtain TWC's data.  That day, TWC filed a motion in the Northern District of Georgia seeking permission to submit a sur-reply brief in opposition to LSSi's motion for a preliminary injunction.  *See* Dkt. 26.  Exhibit 1 to that motion was TWC's proposed sur-reply brief.  *See id.* That brief explicitly argued that "in support of its claim that LSSi acts as a directory assistance agent of third-party LECs, LSSi only produced letters showing that its parent company, VoltDelta, has a contractual relationship with two LECs."  Dkt. 26 Ex. 1 at 4 (underline in original).  TWC's brief went on to note that "VoltDelta, however, is not a party to this case and has never requested directory data from TWC."  *Id.*

LSSi does not dispute this.  Instead, it argues that it has repeatedly advised TWC that LSSi and Volt are functionally synonymous in their business dealings.  However, as noted, the legal question before the Court turns on whether LSSi is entitled under technical statutory criteria to obtain TWC's customer data, not on hazy perceptions (or misperceptions) of synonymy within the industry.  LSSi also argues that adding Volt at this juncture will be efficient and will "eliminate unnecessary controversy."  LSSi Reply 1.  But in fact adding Volt as a plaintiff at this point would be quite inefficient.  It would require reopening discovery and depositions deep into the long-set briefing schedule before the Court.

Further, the timing of LSSi's eleventh-hour motion strongly suggests that it seeks to add Volt because LSSi's entitlement to TWC's data may be open to question.  LSSi has not articulated a bona fide reason for its delay in making this motion.  Under these circumstances, where LSSi knew six months before its motion to amend that TWC disputed that LSSi could invoke Volt's rights without adding Volt as a party, and where there is evident prejudice to TWC

[7]

from the belated addition of Volt, LSSi's unexplained delay in moving to do so provides an

independent basis to deny its Rule 15 motion. *See Leber*, 2011 U.S. Dist. LEXIS 129444, at

*18–19 (denying leave to amend based on undue delay where, as here, basis for new argument

was known to plaintiffs long before motion to amend was filed and no explanation was offered

for the delay).

### B.     Rule 20

LSSi also moves under Rule 20(a)(1).  It provides:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

If joinder is permissible under Rule 20, "it then falls to the Court's discretion to determine

whether joinder is proper in this case." *Abraham Natural Foods Corp. v. Mount Vernon Fire*

*Ins. Co.*, 576 F. Supp. 2d 421, 424 (S.D.N.Y. 2008); *see also Elektra Entm't Grp., Inc. v. Does 1-*

*9*, No. 04-cv-2289, 2004 U.S. Dist. LEXIS 23560, at *15 (S.D.N.Y. Sept. 7, 2004) ("District

courts have broad discretion to decide whether joinder is appropriate, even when the

requirements of Rule 20(a) have been met").  In exercising that discretion, the Court is to favor

the broadest possible scope of action consistent with fairness to the parties. *Abraham*, 576 F.

Supp. 2d at 424 (citing *Gursky v. Northwestern Mut. Life Ins. Co.*, 139 F.R.D. 279, 282

(E.D.N.Y. 1991)); *see also United Mineworkers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("the

impulse is toward entertaining the broadest possible scope of action consistent with fairness to

the parties").

Here, however, the Court need not decide whether the requirements of Rule 20 are met,

because, for the reasons discussed earlier, adding Volt at this late stage of the preliminary

injunction proceedings would *not* be "consistent with fairness" to TWC.  Even if the

requirements of Rule 20 were met, the Court therefore would not exercise its discretion to add

Volt at this stage.  LSSi's motion to add Volt pursuant to Rule 20 is, therefore, denied as well.

## C.      Rule 21

LSSi, finally, seeks to add Volt as a plaintiff pursuant to Fed. R. Civ. P. 21, which

provides, in pertinent part, that "[o]n motion or on its own, the court may at any time, on just

terms, add or drop a party."  In considering an application to add a party pursuant to Rule 21, the

Court is guided by "the same standard of liberality afforded to motions to amend pleadings under

Rule 15."  *Reece v. Marc Ecko Unltd.*, No. 10-cv-2901, 2011 U.S. Dist. LEXIS 102199, at *45

n.6 (S.D.N.Y. Aug. 19, 2011) (citing *Soler v. G & U, Inc.*, 86 F.R.D. 524, 527–28 (S.D.N.Y.

1980)) (internal quotation marks and citation omitted); *see also Clarke v. Fonix Corp.*, No. 98-

cv-6116, 1999 U.S. Dist. LEXIS 2143, at *23 (S.D.N.Y. Mar. 1, 1999) ("Although Rule 21, and

not Rule 15(a), normally governs the addition of new parties to an action, the same standard of

liberality applies under either Rule.") (internal quotation marks and citation omitted), *aff'd*, 199

F.3d 1321 (2d Cir. 1999); *Sheldon v. PHH Corp.*, No. 96-cv-1666, 1997 U.S. Dist. LEXIS 2217,

at *12 (S.D.N.Y. Mar. 4, 1997) ("While plaintiffs' motion properly is considered under Rule 21

rather than Rule 15, nothing material turns on this distinction. . . . To the extent the limited case

law under Rule 21 permits a conclusion, the standard under that rule is the same as under Rule

15."), *aff'd*, 135 F.3d 848 (2d Cir. 1998).

As discussed earlier, the Court has concluded that adding Volt at this stage of the

litigation is both prejudicial to TWC and unduly delayed.  For these same reasons, LSSi's motion

based on Rule 21 is denied as well.

[9]

#                    #                    #

For the foregoing reasons, the Court denies LSSi's motion to add Volt as a plaintiff. However, as the Court has explained, a central reason for denying the motion is its timing—it was filed late in the pending preliminary injunction litigation, thereby presenting a substantial risk of prejudice to TWC. Following, and depending on the Court's analysis and resolution of, the preliminary injunction motion as to LSSi, it is possible that LSSi may wish again to move to amend its pleadings to add Volt. At that point, the addition of Volt may be less prejudicial to TWC. The instant denial of LSSi's motion is, therefore, without prejudice to LSSi's right to move to add Volt as a plaintiff after the pending preliminary injunction motion is resolved.

## CONCLUSION

For the foregoing reasons, LSSi's motion to add Volt as a party plaintiff is denied without prejudice to its right to re-file after the Court has resolved LSSi's pending motion for a preliminary injunction. The Clerk of Court is directed to terminate the motion at docket number 63.

Paul A. Engelmayer
United States District Judge

Dated: March 20, 2012
       New York, New York

[10]